IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SMART START LIGHTING, LLC,** | : | |
|     **Plaintiff** | : | No. 1:15-cv-1080 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| **A/Z CORPORATION,** | : | |
|     **Defendant** | : | |

**MEMORANDUM**

Before the Court is Defendant A/Z Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) For the reasons set forth below, the Court will grant the motion.

**I.  BACKGROUND**

This suit arises out of a project to replace the exterior and interior lighting fixtures at a Lowe's distribution center in Pittstown, Pennsylvania ("the Project"). On or around October 12, 2013, Plaintiff Smart Start Lighting, LLC ("SSL") allegedly began discussions with Dennis Vance, an employee of Defendant A/Z Corporation ("A/Z"), about whether A/Z could purchase inventory and perform work for the Project. (Doc. No. 1 ¶¶ 6-9, 11.) During these preliminary discussions, Dennis Vance represented that A/Z would purchase and stage the materials for the Project by February 14, 2014. (Id. ¶¶ 8-9.)

According to the complaint, on January 10, 2014, Lowe's Companies, Inc. ("Lowe's") issued a purchase order to SSL, and, on or about January 27, 2014, A/Z submitted a response to SSL's request for proposal ("RFP Response"). (Id. ¶ 12.) A/Z's RFP Response was allegedly signed on January 27, 2014. (Id. ¶ 19.) Thereafter, A/Z allegedly failed to purchase the materials (id. ¶¶ 24, 28), caused SSL to finance inventory purchases at its expense (id. ¶¶ 25-27, 30-32), and forwarded invoices to SSL for undelivered materials (id. ¶ 33). As of result of A/Z's

1

purported conduct, the Project was delayed and SSL took over the lighting installation work to preserve the completion deadline date. (Id. ¶¶ 42, 44, 50, 55.)

On June 6, 2015, Plaintiff SSL filed a complaint against Defendant A/Z, bringing claims of breach of contract, breach of warranty, claims under the Pennsylvania's Contractor and Subcontractor Payment Act, damages rendered on a book account, and fraud in the inducement. (Doc. No. 1.) On July 9, 2015, Defendant A/Z moved this Court to dismiss Plaintiff SSL's complaint as procedurally improper under Federal Rule of Civil Procedure 13(a). (Doc. No. 6.) Defendant A/Z also urges the Court, in the alternative, to dismiss Plaintiff SSL's fraud in the inducement claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or to consolidate Plaintiff SSL's complaint into A/Z Corporation v. Lowe's Home Center, LLC, No. 15-cv-533.[1] (Doc. No. 6.) The motion has been fully briefed and is ripe for disposition.

## II. DISCUSSION

Defendant A/Z contends that Plaintiff SSL's complaint should be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 13(a). (Doc. No. 9 at 4.) A/Z argues that Rule 13(a) requires SSL to "file its claim against A/Z as a compulsory counterclaim" in A/Z Corporation v. Lowe's Home Center, LLC, No. 15-cv-533 ("A/Z v. Lowe's"), because "SSL's claim 'arises out of the same transaction or occurrence that is the subject matter'" of A/Z's claim against SSL in A/Z v. Lowe's. (See id.) SSL responds that the Pennsylvania Mechanics' Lien Law forbids it from filing a counterclaim in A/Z v. Lowe's. (Doc. No. 10 at 5) (citing 49 P.S. § 1701(e)).

---

[1] In A/Z Corporation v. Lowe's Home Center, LLC, A/Z first filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania against Lowe's to enforce the mechanics' lien and to demand $692,873.78 as payment owed. (Doc. No. 1-1 at 7-8.) Lowe's invoked this Court's diversity jurisdiction and removed the case on March 16, 2015 pursuant to 28 U.S.C. §§ 1332 and 1441.

**A.  Whether SSL's complaint qualifies as a compulsory counterclaim**

The Court first determines whether SSL's complaint in the above-captioned case qualifies as a "compulsory counterclaim" under Federal Rule of Civil Procedure 13(a).  Federal Rule of Civil Procedure 13(a) provides that a "pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:"

> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  Similarly, where a plaintiff asserts a claim against a third-party defendant "arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff," the third-party defendant must assert "any counterclaim under Rule 13(a)."  See Fed. R. Civ. P. 14(a)(2)-(a)(3); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1456 (3d ed. 2015).

"The inquiry to determine if a claim is compulsory under Rule 13(a) is whether the counterclaim bears a logical relationship to an opposing party's claim."  M.R. v. Ridley Sch. Dist., 744 F.3d 112, 121 (3d Cir. 2014) (internal quotations omitted).  A logical relationship exists "where separate trials on each of the[] respective claims would involve a substantial duplication of effort and time by the parties and the courts."  Id. at 121 (quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961)).  "Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties."  Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 390 (3d Cir. 2002).

Here, SSL's complaint against A/Z in the above-captioned case, (Doc. No. 1), and A/Z's claim against SSL in A/Z v. Lowe's, (Doc. No. 11, No. 15-533), arise out of a project to replace

3

the exterior and interior lighting fixtures at a Lowe's distribution center in Pittstown, Pennsylvania.  Moreover, the two claims both allege a breach of contract, violations of Pennsylvania's Contractor and Subcontractor Payment Act, and damages rendered on a book account.  Thus, because the two claims share common questions of law and fact, the Court is persuaded that SSL's complaint against A/Z, (Doc. No. 1), bears a logical relationship to A/Z's claim against SSL in A/Z v. Lowe's (Doc. No. 11, No. 15-533).  Therefore, SSL's complaint in the above-captioned case qualifies as a "compulsory counterclaim" under Federal Rule of Civil Procedure 13(a).

### B. Whether SSL's complaint qualifies as a compulsory counterclaim

Plaintiff SSL argues that the Pennsylvania Mechanic's Lien Statute, 49 P.S. § 1701(e), precludes SSL from filing its claim against A/Z as a compulsory counterclaim in A/Z v. Lowe's. (Doc. No. 10 at 5.)  The Pennsylvania Mechanics' Lien Law does, in fact, "forbid a defendant from filing a counterclaim in a mechanics' lien proceeding." Kline v. Ward, No. 3:07-CV-00819, 2007 WL 2345293, at *2 (M.D. Pa. Aug. 16, 2007) (Vanaskie, J.) (citing 49 P.S. § 1701(e))).  Specifically, 49 P.S. § 1701(e) states that "[a] setoff arising from the same transaction or occurrence from which [a mechanics' lien] claim arose may be pleaded but may not be made the basis of a counterclaim." 49 P.S. § 1701(e).

Where a state law directly conflicts with the "plain meaning" of a Federal Rule of Civil Procedure, the Supreme Court's Hanna v. Plumer decision provides the applicable analysis. Walker v. Armco Steel Corp., 446 U.S. 740, 750 n.9 (1980) (citing Hanna v. Plumer, 380 U.S. 460, 471 (1965)).  In Hanna v. Plumer, the Supreme Court stated, in relevant part:

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie

>judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

380 U.S. at 471; 19 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4508 (2nd ed. 2015) ("Hanna frees the federal courts from Erie concerns when one of the Rules is applicable ….") (underlining added).

Thus, where a conflict arises between a state law and a Federal Rule, the district court must determine: (1) whether the scope of the Federal Rule is "'sufficiently broad' to cause a 'direct collision' with the state law;" and (2) whether the Federal Rule "represents a valid exercise of Congress' rulemaking authority, which originates in the Constitution and has been bestowed on this Court by the Rules Enabling Act." See Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 5 (1987). "[T]he Federal Rules are entitled to 'presumptive validity' under both the Rules Enabling Act and the Constitution." Hiatt v. Mazda Motor Corp., 75 F.3d 1252, 1258 (8th Cir. 1996) (quoting Burlington N. R.R. Co., 480 U.S. at 6).

Here, as Judge Vanaskie recognized in Kline v. Ward, 49 P.S. § 1701(e) directly conflicts with Federal Rule of Civil Procedure 13(a) requirement that defendants file any claims that "at the time of its service [,] the pleader has against an opposing party." Kline v. Ward, No. 07-819, 2007 WL 2345293, at *3 (M.D. Pa. Aug. 16, 2007) (Vanaskie, J.) ("[T]he issue of a direct conflict is not in question: state law forbids counterclaims and the Federal Rule compels them") (quoting Fed. R. Civ. P. 13(a)).  However, as to the second prong of the Hanna analysis, SSL does not argue that Federal Rule of Civil Procedure 13(a) violates either the Rules Enabling Act or the Constitution.  (Doc. No. 10.)  Accordingly, in the absence of any argument to the contrary, this Court is guided by the "presumptive validity" afforded the Federal Rules in light of "the study and approval given each proposed Rule by the Advisory Committee, the Judicial Conference, [the Supreme] Court, and the statutory requirement that the Rule be reported to

Congress for a period of review before taking effect." Burlington N. R.R. Co., 480 U.S. at 6 (citing Hanna, 380 U.S. at 471); see also Kline v. Ward, 2007 WL 2345293, at *3 (applying Federal Rule of Civil Procedure 13(a) instead of 49 P.S. § 1701(e)).

Thus, Federal Rule of Civil Procedure 13(a) governs and SSL's June 6, 2015 complaint against A/Z should have been filed as a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a) in A/Z Corporation v. Lowe's Home Center, LLC, No. 15-cv-533.

### III.     CONCLUSION

For the reasons stated above, A/Z Corporation's motion to dismiss will be granted. An order consistent with this memorandum follows.[2]

---

[2] At this stage in the proceedings, the Court declines to address A/Z's argument, in the alternative, that SSL's fraud in the inducement count fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.)